UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Protective Order |
| v. | 23 Cr. 623 (JLR) |
| DEWAYNE BARRETT and O'NEIL WRIGHT, | |
| *Defendants.* | |

Upon the application of the United States of America, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** The Government has advised that certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons

and property of loved ones, may be subject to retaliation, impersonation, tampering or theft, absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

    (a) The defendant;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action only;

    (c) Prospective witnesses for purposes of defending this action only.

3. Sensitive disclosure material shall be disclosed only as follows:

    (a) The defendant;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, disclosure material or sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation or upon consent, from various computers, cell phones, and other devices and storage media, among other places. Upon consent of counsel, the Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, upon: 1 year of the date on which any judgment of

conviction becomes final in the above-captioned case, in the event no motion is filed pursuant to 28 U.S.C. § 2255; the period of direct appeal from any order resolving a motion pursuant to 28 U.S.C. § 2255, in the event such a motion is filed; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is sooner, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[Remainder of page intentionally blank.]

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Agreed to by: /s/ Josiah Pertz                                        Date:  1/3/2024
       Josiah Pertz
       Assistant United States Attorney


Clay Kaminsky /s/ TJP with permission                    Date:  1/3/2024

Clay Kaminsky, Esq.
Counsel for Dewayne Barrett


Peter Quijano /s/ TJP with permission                    Date:  1/52024

Peter Quijano, Esq.
Counsel for O'Neil Wright


SO ORDERED:

New York, New York
Date: January 8, 2024

                                        _Jennifer Rochon_____
                                     THE HONORABLE JENNIFER L. ROCHON
                                     UNITED STATES DISTRICT JUDGE