ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

DEWAYNE BARRETT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S1 23 Cr. 623 (JLR)

WHEREAS, on or about May 21, 2025, DEWAYNE BARRETT (the "Defendant"), was charged in a one-count Information, S1 23 Cr. 623 (JLR) (the "Information"), with a multi-object conspiracy to: commit major international doping fraud ("RADA Conspiracy"); introduce into interstate commerce adulterated and misbranded drugs and to adulterate and misbrand drugs ("FDCA Conspiracy"); and wire fraud ("Wire Fraud Conspiracy"), in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to: (i) Title 21, United States Code, Section 2403(a)(2), of any property real or personal, tangible or intangible, that was used or intended to be used, in any manner, to commit or facilitate the RADA Conspiracy, in violation of Title 21, United States Code, Sections 2402 and 2403, and that constitutes or is traceable to the proceeds taken, obtained, or retained in connection with or as a result of the RADA Conspiracy charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the value of such property; (ii) Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions

of section 331(11), 344, or 255 of Title 21, have been introduced into interstate commerce, as a part of the FDCA Conspiracy, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), including but not limited to a sum of money in United States currency representing the value of such property; and (iii) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the Wire Fraud Conspiracy, in violation of Title 18, United States Code, Section 1343, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the Wire Fraud Conspiracy charged in Count One of the Information;

WHEREAS, on or about May 21, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States the total forfeiture sum of $96,479: (i) pursuant to Title 21, United States Code, Sections 2403(a)(2) and 334, and Title 28, United States Code, Section 2461(c), a sum of money equal to $10,830 in United States currency, representing the amount of proceeds taken, obtained, or retained in connection with or as a result of the RADA Conspiracy, and the property thereto, as well as the value of forfeitable property the Defendant obtained in connection with the FDCA Conspiracy; and (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $85,649 in United States currency, representing any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the Wire Fraud Conspiracy that the defendant personally obtained;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $96,479 in United States currency, comprising: $10,830 in United States currency which represents the amount of proceeds traceable to the RADA Conspiracy and the value of the property forfeitable for the FDCA Conspiracy and $85,649 in United States currency which represents the proceeds traceable to the Wire Fraud Conspiracy charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Sarah Mortazavi, of counsel, and the Defendant and his counsel, Clay Kaminsky, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $96,479 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the Wire Fraud Conspiracy and RADA Conspiracy charged in Count One of the Information that the Defendant personally obtained and the value of the forfeitable property of the FDCA Conspiracy that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant DAWAYNE BARRETT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Sarah Mortazavi                    5/15/2025
    SARAH MORTAZAVI                        DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2520

DEWAYNE BARRETT

By: _____        5/21/2025
    DEWAYNE BARRETT                        DATE

By: _____        5/21/2025
    CLAY KAMINSKY, ESQ.                    DATE
    Attorney for Defendant

SO ORDERED:

_____            5/21/2025
HONORABLE JENNIFER L. ROCHON               DATE
UNITED STATES DISTRICT JUDGE